UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CYNTHIA AND CHARLES SMITH, § | |
| Plaintiffs, § | |
| § | |
| v. § | CAUSE NO. 4:23-cv-00077 |
| § | |
| MATTHEW ALLEE AND § | |
| ARON ALLEE, § | |
| Defendants. § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

## I.   INTRODUCTION

1. Plaintiffs Cynthia Smith ("Ms. Smith") and Charles Smith, bring this action for injunctive relief, damages, attorneys' fees, and court costs against Defendants Matthew Allee and Aron Allee (collectively, "Defendants" or the "Allees") under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("FHA").

2. Plaintiff Cynthia Smith is the Director of Operations for A Family Choice CDS, LLC ("Family Choice"). Family Choice is a provider of services to individuals with disabilities[1] of all ages who require such services to live in the community and thus to have the opportunity to reside in an integrated community setting. Specifically, Family Choice has a contract with the Texas Health and Human Services Commission ("HHSC") pursuant to which it provides such services. Family Choice specializes in the provision of services to individuals and children with intellectual disabilities or mental illness, many of whom also exhibit challenging behaviors.

---

[1] The FHA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). This Complaint uses the term "disability," which is more generally accepted.

1

3. Many of the residents served by Family Choice have been referred by the Child Protective Services Division of the Texas Department of Family & Protective Services ("CPS") with which Family Choice also has contractual arrangements.

4. For the benefit of the residents it serves, Family Choice recently determined that it would purchase rural property on which to locate residential housing for those residents. Consequently, Plaintiffs purchased a property in Petty, Texas, in Lamar County for this purpose, closing on the property in a series of transactions beginning in November 2021.

5. As part of this property purchase, Plaintiffs purchased a deeded access (the "Access Path") approximately sixty feet across that ran from County Road 25630 (the "County Road") between two other tracts of property not purchased by Plaintiffs. Without this Access Path, Plaintiffs would have had no access to their property from the County Road or from any other public road.

6. Upon learning that Ms. Smith intended to house Family Choice and its residents on the newly purchased property, the Allees began to complain about the prospective use of the property. Eventually, as discussed below, they went so far as to place metal poles in the Access Path to prevent Ms. Smith from having any access to the property Plaintiffs had purchased, with the idea that the lack of such access would prevent Ms. Smith from using the property for housing Family Choice and its residents.

7. Because the tract of property purchased by Plaintiffs has no access to the County Road nor any other public road, other than that provided by the Access Path, Plaintiffs had no choice but to make alterations to the previously unimproved Access Path to provide unobstructed access to the main tract of property on which Family Choice would house its residents. Plaintiffs cut down a number of trees in February 2022 so that the deeded access could be used for this

purpose.  Plaintiffs did not cut down any trees on or alter in any way any property that was not part of the deeded access path they purchased as part of the property purchase in late 2021.  Upon learning of this activity, desiring to prevent any access to the property that would allow Family Choice and its residents to enter that property, the Allees trespassed on the Access Path and constructed metal poles and a locked gate there for the purpose of preventing the use for which it was intended.

8. On January 14, 2023, after a relatively lengthy period of inactivity, Defendants transmitted to Plaintiffs through their retained counsel a cease and desist letter demanding, among other things, payment of $175,610.00 to avoid litigation.  In this letter, Defendants claimed that Plaintiffs had cut down trees on their property and thus damaged them.  These allegations were false.  The Access Path belongs to Plaintiffs, and it was Defendants who had wrongfully trespassed upon and altered that property.

9. As a result, Plaintiffs now seek injunctive relief under the Fair Housing Act, § 3604(f)(1)-(f)(3), to enjoin Defendants from continuing to seek to prevent individuals with disabilities from having the equal opportunity to use and to enjoy the housing of their choice.  Plaintiffs also seek a declaration by this Court under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001, *et seq.*, that Plaintiffs may take actions with respect to the deeded access at issue in this matter necessary to ensure access to their property for Family Choice and its residents.  Plaintiffs also seek compensatory and punitive damages for the injuries they have suffered in addressing the trespass and other wrongful actions and omissions of Defendants.

## II.     JURISDICTION AND VENUE

10. This Court has jurisdiction over this action and may grant the relief sought herein pursuant to 28 U.S.C. § 1331 by virtue of claims brought pursuant to 42 U.S.C. § 3613(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims alleged herein occurred in this district in or around Petty, Texas, located in Lamar, County.

## III.     PARTIES

12. Cynthia and Charles Smith are Plaintiffs in this matter. They reside in Garland, Texas. Ms. Smith is Director of Operations for A Family Choice CDS, LLC, an entity which contracts with the Texas Health and Human Services Commission and the Texas Department of Family and Protective Services, Child Protective Services Unit, to provide residential services and supports to young people with disabilities.

13. Defendants Matthew Allee and Aron Allee own the Tract 4 property adjacent to the property purchased by Plaintiffs in the area of Petty, Texas, in a series of transactions beginning in November 2021.

## IV.     FACTS

14. Plaintiff Cynthia Smith is the Director of Operations for Family Choice. Family Choice is a provider of services to individuals with disabilities of all ages who require such services to live in the community and thus to have the opportunity to reside in an integrated community setting. Specifically, Family Choice has a contract with HHSC pursuant to which it provides such services. Family Choice specializes in the provision of services to individuals and

children with intellectual disabilities or mental illness, many of whom also exhibit challenging behaviors.

15.  Many of the residents served by Family Choice have been referred by CPS with which Family Choice also has contractual arrangements.  Some of the residents referred in this manner have behavioral issues that arise from and constitute manifestations of their respective disabilities.  All residents served by Family Choice have either an intellectual or an emotional disability or both, as ensured by the criteria for admission to the program set by HHSC and/or CPS.  By the nature of the case, their disabilities substantially impair their major life activity of living independently, which is precisely why they need the residential services and opportunities provided by Family Choice.

16.  Family Choice has historically leased apartment units to house the residents it serves in the community.  However, for the benefit of the residents, Family Choice recently determined that it would purchase rural property on which to locate residential housing for those residents.  Family Choice determined that its residents would derive significant advantages from such residential arrangements.  Consequently, Plaintiffs purchased a property in Petty, Texas, in Lamar County for this purpose, in a series of transactions beginning in November 2021.

17.  As part of this property purchase, Plaintiffs purchased an Access Path approximately sixty feet across that ran from the County Road between two other tracts of property not purchased by Plaintiffs.  North of this Access Path lay a tract of property ("Tract 4") owned by Defendants.  Thirty feet of the Access Path would ordinarily have been part of Tract 4, but was deeded along with thirty feet of the Tract 1 property to the south of Tract 4 to comprise the deeded access to the properties lying to the east of Tract 4 and Tract 1, which would otherwise have been inaccessible from the County Road or from any other public road.

18.     Upon learning that Ms. Smith intended to house Family Choice and its residents on the newly purchased property, the Allees began to complain about the prospective use of the property.  They made clear to Ms. Smith that they did not want "troubled kids" in the area, disturbing their "country living" lifestyles.  They got many of the neighbors together to protest this intended use as well.  Eventually, as discussed below, they went so far as to place metal poles in the access path to prevent Ms. Smith from having any access to the property Plaintiffs had purchased, with the idea that the lack of such access would prevent Ms. Smith from using the property for housing Family Choice and its residents.

19.     Because the tract of property purchased by Plaintiffs has no access to the County Road nor any other public road, other than that provided by the Access Path, Plaintiffs had no choice but to make alterations to the previously unimproved Access Path to provide unobstructed access to the main tract of property on which Family Choice would house its residents.  Ms. Smith cut down a number of trees in February 2022 so that the deeded access could be used for this purpose.  She did not cut down any trees on or alter in any way any property that was not part of the deeded access path Plaintiffs purchased as part of their property purchase in late 2021.  Upon learning of this activity, the Allees complained that they used the area to hunt.  Ms. Smith showed them the relevant survey and Plaintiffs' relevant right to use and to alter the property, at which the Allees inquired as to the intended use of the property.  When they were informed of the intended use by Family Choice, desiring to prevent any access to the property that would allow Family Choice and its residents to enter that property, the Allees trespassed on the Access Path and constructed metal poles and a locked gate there for the purpose of preventing the use for which it was intended.

20. On January 14, 2023, after a relatively lengthy period of inactivity, Defendants transmitted to Plaintiffs through their retained counsel a cease and desist letter demanding, among other things, payment of $175,610.00 to avoid litigation. In this letter, Defendants claimed that Plaintiffs had cut down trees on their property and thus damaged them. These allegations were false. Plaintiffs cut down trees on their own Access Path and only so that they could ensure access to their property which Defendants sought to obstruct in an effort to keep young people from disabilities from the opportunity to use and to enjoy the property as a residential area. The Access Path belongs to Plaintiffs, and it was Defendants who had wrongfully trespassed upon and altered that property.

21. As a result, Plaintiffs now seek injunctive relief under the Fair Housing Act, § 3604(f)(1)-(f)(3), to enjoin Defendants from continuing to seek to prevent individuals with disabilities from having the equal opportunity to use and to enjoy the housing of their choice. Plaintiffs also seek a declaration by this Court under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001, *et seq.*, that Plaintiffs may take actions with respect to the deeded access at issue in this matter necessary to ensure access to their property for Family Choice and its residents. Plaintiffs also seek compensatory and punitive damages for the injuries they have suffered in addressing the trespass and other wrongful actions and omissions of Defendants.

## V.   CAUSE OF ACTION: FAIR HOUSING ACT

22. The allegations listed in paragraphs 1-21 above are incorporated herein by reference.

23. The land at issue in this complaint is intended for the construction and use of "dwellings" within the meaning of 42 U.S.C. § 3602(b).

24. The residents of these dwellings will be served by Plaintiffs through Family Choice and are persons with disabilities within the meaning of 42 U.S.C. § 3602(h).[2]

25. Defendants' actions described above constitute:

    a. discrimination in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability, in violation of the FHA, 42 U.S.C § 3604(f)(1);

    b. discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(2); and

    c. a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person an equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B).

26. Defendants acted intentionally, willfully, and in disregard for the rights of others.

27. As a result of Defendants' conduct, Plaintiffs are aggrieved persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries as a result of Defendants' actions. They currently face irreparable harm as a result of those actions.

28. Defendants' discriminatory actions were and are intentional, willful, and taken in wanton disregard of the rights of Plaintiffs, Family Choice, and the residents Family Choice serves.

## VI. CAUSE OF ACTION: FEDERAL DECLARATORY JUDGMENT ACT AND TEXAS UNIFORM DECLARATORY JUDGMENTS ACT

---

[2] *See* n.1 above.

29. The allegations listed in paragraphs 1-28 above are incorporated herein by reference.

30. Plaintiffs purchased a deeded access as part of the property they purchased in a series of transactions beginning in November 2021. They have the right to make alterations on that property, including the removal of trees, to ensure that they have access to the property they purchased. Indeed, that is the precise purpose of the deeded access.

31. A declaration from this Court to establish the rights with respect to the deeded access path will assist the parties going forward in governing their respective approaches towards the property at issue.

32. Plaintiffs thus request a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201 and Tex. Prac. & Rem. Code § 37.001, confirming that they purchased the deeded access path at issue in this litigation, that they had and have the right to cut down and to remove trees from that deeded access path, and that Defendants may not prevent them from employing the deeded access path as a mechanism for gaining access to their property from County Road 25630.

### VII. CAUSE OF ACTION: TRESPASS

33. The allegations listed in paragraphs 1-32 above are incorporated herein by reference.

34. Plaintiffs own the Access Path as a deeded right of access connecting the County Road to their other relevant property.

35. Defendants entered Plaintiffs' Access Path without authorization. The entry was physical, intentional, and voluntary, and with the express purpose of disrupting Plaintiffs' lawful activities.

36. Defendants' trespass caused injury to Plaintiffs' right of possession. In fact, Defendants constructed metal poles and a locked metal gate on the Access Path, thus injuring Plaintiffs.

## VIII.   RELIEF REQUESTED

37. The Court has jurisdiction to enter injunctive relief.  42 U.S.C. § 3613(c).

38. WHEREFORE, Plaintiffs pray that the Court enter an ORDER:

a. Preliminarily enjoining Defendants from continuing to seek to prevent individuals with disabilities from having the equal opportunity to use and to enjoy the housing of their choice and, therefore, from continuing to seek to block access by Plaintiffs to the property they purchased in a series of transactions beginning in November 2021;

b. Preliminarily enjoining Defendants from otherwise interfering with the equal enjoyment of Family Choice residents of the housing of their choice;

c. Preliminarily enjoining Defendants from continuing to seek to prevent Plaintiffs from making alterations on the deeded access path at issue in this litigation necessary to ensure access by Plaintiffs and Family Choice residents to the property purchased by Plaintiffs in a series of transactions beginning in November 2021;

d. After a final hearing on the merits, converting the preliminary injunctions referenced in paragraphs (a)-(c) above into permanent injunctions;

e. Requiring Defendants to take all affirmative steps to ensure their compliance with the Fair Housing Act, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of their unlawful housing practices as described in this Complaint;

f.  Awarding Plaintiffs compensatory damages for the injuries they have suffered, as well as punitive damages;

g.  Issuing a declaratory judgment to the effect that Plaintiffs may take actions with respect to the deeded access at issue in this matter necessary to ensure access to their property for Family Choice and its residents; and

h.  Awarding Plaintiffs attorney fees and costs, pursuant to the FHA, 42 U.S.C. § 3613(c)(2). Plaintiffs further pray for such additional relief as the interests of justice may require.

DATED: January 30, 2023

Respectfully submitted,

s/ Mark Whitburn
Mark Whitburn
Texas Bar No. 24042144
Sean Pevsner
Texas Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com

Attorneys for Plaintiffs